UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA VALERA,<br>Plaintiff,<br>-v-<br>TARGET CORP., *et al.*,<br>Defendants. | 26-CV-1770 (JPO)<br><br><u>MEMORANDUM AND ORDER</u> |

J. PAUL OETKEN, District Judge:

This is a slip-and-fall personal-injury dispute originally filed in New York state court by Plaintiff Ana Valera against Defendants Target Stores, Target Corporation, Target Department Stores, Inc. (collectively "Target"), as well as Bronx Terminal Market Preservation Association, Inc., BTM Development Partners, LLC, Related Management Company, L.P., The Related Companies Inc., and Gateway Center at Bronx Terminal Market, Inc. (collectively "Nominal Defendants"). After Target removed the action to this Court, Valera filed a motion to remand to state court. For the reasons that follow, the motion to remand is denied.

## I. Background

Valera commenced this action against Target and Nominal Defendants in New York state court on March 5, 2025. (ECF No. 1-1.) On July 3, 2025, Target initially removed this action to this Court on the basis of federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Valera v. Target Stores*, No. 25-CV-5536, 2025 WL 2702130, at *1 (S.D.N.Y. Sept. 23, 2025) ("*Valera I*"). The Court (Judge Jennifer L. Rochon) remanded the case back to the New York State Supreme Court, Bronx County, after determining that Target had "failed to meet its burden of proving that the amount in controversy exceeds $75,000." *Id*. at *4.

On February 20, 2026, Target received Valera's response to demand, in which Valera stated that she demands $200,000 in damages. (ECF No. 1-4.) On March 4, 2026, Target again removed the action to this Court. (ECF No. 1.)

On May 18, 2026, Valera filed her motion to remand to state court. (ECF No. 9 ("Mot.").) Target filed its opposition to the motion to remand on June 12, 2026. (ECF No. 10 ("Opp.").) Valera then filed a reply affidavit on June 18, 2026. (ECF No. 11 ("Repl.").)

## II. Legal Standard

Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over all civil actions (a) between citizens of different states; and (b) where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). "Complete" diversity is required—all parties on one side of the action must be citizens of a different state from each of the parties on the other side. *See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." (citations omitted)).

In turn, when removal is based upon the court's diversity jurisdiction, the removing party must show that there is complete diversity between all plaintiffs and all defendants. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (stating that, because the defendant sought removal to federal court, defendant "bore the burden of establishing that the requirements for diversity jurisdiction were met").

Because removal based on section 1332(a) is a jurisdictional inquiry, a court can look beyond the face of the complaint in deciding a motion to remand. *See Arseneault v. Congoleum,* No. 01-CV-0657, 2002 WL 472256, at *6 (S.D.N.Y. Mar. 26, 2002) (in deciding fraudulent joinder issue, looking outside the pleadings to depositions and other evidence in the record

because "[t]he Second Circuit . . . has said that, on jurisdictional issues, 'federal courts may look outside [the] pleadings to other evidence in the record'") (quoting *United Food & Commercial Workers Union. Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)); *see also Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461-62 (2d Cir. 1998) (considering affidavit to determine whether defendant was fraudulently joined).

## III. Discussion

Valera raises two arguments in her motion to remand. First, she argues that diversity of parties is incomplete. Second, she argues that removal is barred by collateral estoppel. Neither argument succeeds.

### A. Diversity

Beginning with diversity, Target has met its burden of establishing complete diversity between the parties. Target is a Minnesota corporation with its principal place of business in Minneapolis. (ECF No. 1 at 4.) Valera resides in New York. (ECF No. 1-6 ¶ 1.) The parties are therefore citizens of different states under 28 U.S.C. § 1332(a).

Valera responds that the Nominal Defendants are domestic corporations both headquartered and incorporated in New York, which she claims defeats complete diversity. (Mot. at 2.) This argument fails. Under the lease agreement between Target and the Nominal Defendants, Target alone bears full responsibility for the condition, operation, repair, management, and maintenance of the interior of its store. (ECF No. 1-7, §§ 1.115, 12.1.) Because Valera allegedly slipped on the store floor (*see* ECF No. 1-1 ¶ 59), an area for which the Nominal Defendants had no contractual responsibility, she can recover only from Target, not from the Nominal Defendants. As courts have long recognized, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as

defendants parties with no real connection with the controversy." *Pampillonia*, 138 F.3d at 460-61.

Valera also cites a New York state court decision, *Hernandez v. NY Prepaid Wireless LLC*, 206 AD 3d 409 (1st Dep't 2022), for the proposition that a landlord and tenant can both be held liable for a slip and fall on their premises. But *Hernandez* turned on lease terms that were "not so comprehensive and exclusive relating to sidewalk maintenance as to clearly displace [the landlord's] duty to maintain the sidewalk." *Id.* at 410. Here, by contrast, the lease unambiguously delegates maintenance duty to Target, which is precisely the clear displacement *Hernandez* found lacking.

**B. Collateral Estoppel**

Valera next contends that Target is estopped "from re-asserting amount in controversy" based on the decision in *Valera I*. (Mot. at 3.) She claims that because the parties previously litigated the amount in controversy and the court remanded on that basis, Target is now barred from relitigating the issue.

This argument is frivolous. The law is unambiguous on this point: "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam). That paper did not exist until Valera served her demand for $200,000, at which point Target removed the case well within the thirty days allowed under the statute. *See* 28 U.S.C. § 1446(b)(3). Indeed, the Second Circuit has expressly recognized that a defendant may "remove a case outside of the ordinary thirty-day window if the basis for removal becomes clear only after a plaintiff files an amended pleading." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 152-53 (2d Cir. 2021). Target did precisely what the law requires. It removed promptly once

Valera herself supplied the missing jurisdictional fact. Valera cannot manufacture a bar to removal out of her own prior failure to plead a specific damages figure, and *Valera I* forecloses nothing here. Moreover, issue preclusion does not apply where, as here, Target attaches new exhibits to its notice of removal, which show that the amount in controversy is satisfied. "The [prior] court obviously didn't decide whether *this* record is sufficient" to allege diversity jurisdiction. *Golden Foothill Ins. Servs., LLC v. Spin Cap., LLC*, No. 24-CV-8515, 2025 WL 2402616, at *4 (S.D.N.Y. Aug. 19, 2025).

**IV. Conclusion**

For the foregoing reason, Valera's motion to remand the case to state court is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 9.

SO ORDERED.

Dated: July 8, 2026
New York, New York

J. PAUL OETKEN
United States District Judge